IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRINA ELIZABETH WILLIAMS, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | NO. 19-1856 |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

## **MEMORANDUM OPINION**

Trina Elizabeth Williams ("Williams" or "Plaintiff") seeks review, pursuant to 42 U.S.C. § 405(g), of the Commissioner of Social Security's ("Commissioner") decision denying her claim for Supplemental Security Income ("SSI").[1] As set forth below, Williams' Request for Review will be granted and this case will be remanded to the Commissioner for a new hearing before a different Administrative Law Judge ("ALJ") who has been properly appointed pursuant to the Appointments Clause of the United States Constitution.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Williams was born on December 20, 1970. R. at 262.[2] She has an 8th-grade education, id. at 268, and is able to communicate in English, id. at 266. Her past relevant work was as a packer and a pretzel maker. Id. at 268. Williams filed for SSI pursuant to Title XVI of the Social Security Act on September 3, 2015. Id. at 15. She alleged disability due to: bipolar disorder, "mental conditions," "back problems" and "knee problems due to ligaments broken."

---

[1]   In accordance with 28 U.S.C. § 636(c), the parties voluntarily consented to have the undersigned United States Magistrate Judge conduct proceedings in this case, including the entry of final judgment. See Doc. No. 4.

[2]   Citations to the administrative record will be indicated by "R." followed by the page number.

Id. at 267.  Her application was initially denied on January 22, 2016.  Id. at 166-71.  Williams then filed a written request for a hearing on February 25, 2016.  Id. at 176-77.  A hearing before an ALJ was held on March 20, 2018.  Id. at 28-46.  On May 8, 2018, the ALJ issued an opinion determining that Williams was not disabled.  Id. at 12-27.  Williams filed a timely appeal with the Appeals Council on July 10, 2018.  Id. at 241-44.  On March 8, 2019, the Appeals Council denied Williams' request for review, thereby affirming the decision of the ALJ as the final decision of the Commissioner.  Id. at 1-6.  Williams then commenced this action in federal court.

## II.    WILLIAMS' REQUEST FOR REVIEW

In her Request for Review, Williams argues that the appointment of the ALJ who presided over her case did not comply with the Appointments Clause of the United States Constitution and that, pursuant to the United States Supreme Court decision in Lucia v. Sec. & Exch. Comm'n, ___ U.S. ___, 138 S. Ct. 2044 (2018), her case must be remanded for a new hearing before a different, properly-appointed ALJ.  Pl.'s Br. (Doc. No. 13) at 9-15.[3]

## III.   DISCUSSION

Williams' Appointments Clause argument rests on the United States Supreme Court's June 21, 2018 decision in Lucia, in which the Court held that ALJs in the Securities and Exchange Commission ("SEC") are "Officers of the United States" subject to the Appointments Clause and, therefore, that they must be appointed by either the President, "Courts of Law" or "Heads of Department."  138 S. Ct. at 2053-54.  Because the SEC's ALJs were not so appointed,

---

[3]  Williams also has raised additional arguments regarding the merits of the ALJ's decision.  See Pl.'s Br. at 2-9.  However, because, as discussed infra in Section III, the Appointments Clause argument is dispositive, and the case must be remanded for a new hearing before a properly-appointed ALJ other than the one who decided her case previously, it is not necessary to address those arguments.

2

the Court overturned the agency's decision and remanded the case for a new hearing before a properly-appointed ALJ other than the one who had initially decided it. Id. at 2055.

At the time the Court decided Lucia, Social Security ALJs were appointed from a pool of applicants maintained by the Office of Personnel Management. See Report and Recommendation at 6, Muhammad v. Berryhill, No. 18-172 (E.D. Pa. Nov. 2, 2018) (Doc. No. 25), report and recommendation rejected, 381 F. Supp. 3d 462 (E.D. Pa. 2019); Menoken v. McGettigan, 273 F. Supp. 3d 188, 192 (D.D.C. 2017). Shortly following Lucia, on July 16, 2018, the Acting Commissioner of Social Security ratified the appointment of ALJs to address any Appointments Clause questions involving Social Security claims. Muhammad, No. 18-172, at 6 (citing Soc. Sec. Admin., EM-180003 REV 2, Important Information Regarding Possible Challenges to the Appointment of Administrative Law Judges in SSA's Administrative Process—UPDATE (8/6/2018)). The Commissioner does not dispute that the appointment of his ALJs prior to July 16, 2018 did not meet the requirements of the Appointments Clause. See Def.'s Br. (Doc. No. 16) at 15 n.4. He argues, instead, that Williams waived her Appointments Clause claim because she failed to raise it before the ALJ or the Appeals Council. Id. at 14-23.

Because none of the Commissioner's ALJs were properly appointed prior to Lucia, the Appointments Clause issue has arisen in a great number of pending cases. See, e.g., Def.'s Br. at 18-20 nn.6-7 (collecting cases). These cases have led a number of judges in this district to issue conflicting opinions regarding whether a Social Security claimant who failed to raise the Appointments Clause issue during his or her administrative proceedings may raise the issue for

the first time in a case requesting review of the Commissioner's final decision on their application pursuant to 42 U.S.C. § 405(g).[4]

In an opinion filed on January 23, 2020, the United States Court of Appeals for the Third Circuit decided the issue, holding that a Social Security claimant is not required to have exhausted his or her Appointments Clause claim in the administrative proceedings in order to raise the claim in an action seeking judicial review of the denial of his or her claim. Cirko ex rel. Cirko v. Comm'r of Soc. Sec., Nos. 19-1772, 19-1773, ___ F.3d ___, 2020 WL 370832, at *6 (3d Cir. Jan. 23, 2020). The Third Circuit held that the proper remedy for Social Security claimants who challenge the Commissioner's decisions in their cases based on the Appointments Clause issue is that the case be remanded to the Commissioner "for new hearings before constitutionally[-]appointed ALJs other than those who presided over [the claimants'] first hearings." Id. That decision is binding precedent controlling the outcome of this action. In re Pa. Title Ins. Antitrust Litig., No. 08cv1202, 2010 WL 4974942, at *10 n.10 (E.D. Pa. Nov. 30, 2010).

## IV. **CONCLUSION**

Accordingly, the present action must be remanded to the Commissioner for further proceedings consistent with Cirko, before an ALJ who is properly appointed as required by the

---

[4] Several district judges and magistrate judges in this district have held that a claimant may raise an Appointments Clause claim for the first time in district court. See, e.g., Kellett v. Berryhill, No. 18-4757, 2019 WL 2339968 (E.D. Pa. June 3, 2019) (Rice, J.); Ready v. Berryhill, No. 18-04289, 2019 WL 1934874 (E.D. Pa. Apr. 30, 2019) (Lloret, J.); Culclasure v. Comm'r of Soc. Sec., 375 F. Supp. 3d 559 (E.D. Pa. 2019) (Kearney, J.); see also Order adopting report and recommendation, Perez v. Berryhill, No. 18-1907 (E.D. Pa. Apr. 23, 2019), ECF No. 21 (Savage, J.). A number of other judges in this district have ruled to the contrary. See, e.g., Marchant v. Berryhill, No. 18-035, 2019 WL 2268982 (E.D. Pa. May 28, 2019) (Kelley, J.); Muhammad v. Berryhill, 381 F. Supp. 3d 462 (E.D. Pa. 2019) (Pappert, J.); Cox v. Berryhill, No. 16-5434, 2018 WL 7585561 (E.D. Pa. Dec. 18, 2018) (Diamond, J.).

Appointments Clause other than the one who previously ruled on Plaintiff's claim. An appropriate Order follows.

Date: February 11, 2020

BY THE COURT:


*/s/ Marilyn Heffley*
MARILYN HEFFLEY
UNITED STATES MAGISTRATE JUDGE